UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR92-477-MJP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | SUMMARY REPORT OF U.S. |
| | ) | MAGISTRATE JUDGE AS TO |
| RONALD HENRY AHO, | ) | ALLEGED VIOLATIONS |
| | ) | OF SUPERVISED RELEASE |
| Defendant. | ) | |
| | ) | |

An initial hearing on supervised release revocation in this case was scheduled before me on November 7, 2007. The United States was represented by AUSA Susan M. Roe and the defendant by Jay Stansell. The proceedings were digitally recorded.

Defendant had been sentenced on or about May 24, 1993 by the Honorable William L. Dwyer on a charge of Felon in Possession of a Firearm, and sentenced to 33 months custody (consecutive to state confinement), 3 years supervised release. (Dkt. 53.)

The conditions of supervised release included the standard conditions plus the requirements that defendant not commit any crime, not illegally possess any controlled substance, comply with substance abuse conditions, and submit to reasonable search.

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -1

On March 17, 2000, defendant admitted to violating the conditions of supervised release by using cocaine. (Dkt. 62.)  Defendant was ordered to enter an inpatient substance abuse treatment program, secure a mental health evaluation, participate in a home confinement program with electronic monitoring for 90 days following completion of inpatient treatment, and participate in out-patient drug treatment. (Dkt. 66.)  All other conditions of supervision remained in effect. On October 26, 2000, defendant was ordered to live in a halfway house for up to 180 days, participate in a criminal dependency and mental health program, abstain from alcohol and all non-prescribed drugs, and take all prescribed medications. (Dkt. 74.)

On December 13, 2001, defendant admitted to violating the conditions of supervised release by failing to report for urinalysis testing, using cocaine, and committing the crimes of hit and run of an unoccupied vehicle and an occupied vehicle.  (Dkt. 83.)  He was remanded to custody until May 6, 2002 or until a bed became available at Pioneer Fellowship House, whichever occurred earlier.  Supervised release was reimposed for two years. He was required to reside in a halfway house until September 1, 2002.  He was required to take all medications as prescribed, and to relinquish his drivers license and not drive any motor vehicles. (Dkt. 94.)

The conditions of supervision were modified on May 17. 2002 to require residence in a halfway house for up to 120 days. (Dkt. 96.)

In an application dated December 22, 2005 (Dkt. 102 ), U.S. Probation Officer Michael K. Banks alleged the following violations of the conditions of supervised release:

1. Using cocaine on or before June 13, 2002, in violation of standard condition number 7.

2. Using cocaine on or before September 3, 2002, in violation of standard condition

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -2

01 number 7.

02     3.    Using cocaine on or before September 26, 2002, in violation of standard condition
03 number 7.

04     4.    Committing the crime of burglary on August 12, 2002, in Everett, Washington, in
05 violation of the general condition that he not commit any local state or federal laws.

06     5.    Committing the crime of burglary on October 15, 2002, in Everett, Washington,
07 in violation of the general condition that he not commit any local state or federal laws.

08     6.    Committing the crime of auto theft on October 15, 2002, in Everett, Washington,
09 in violation of the general condition that he not commit any local state or federal laws.

10     7.    Unlawfully imprisoning Barbara Burgy on October 15, 2002, in Marysville,
11 Washington, in violation of the general condition that he not commit any local, state or federal
12 crime.

13 Defendant was advised in full as to those charges and as to his constitutional rights.

14 Defendant admitted alleged violations 1 through 6 and waived any evidentiary hearing as
15 to whether they occurred. The government moved to dismiss alleged violation 7.

16 I therefore recommend the Court find defendant violated his supervised release as alleged
17 in violations 1-6, and that the Court conduct a hearing limited to the issue of disposition. I
18 recommend that the Court dismiss violation 7. The next hearing will be set before Judge Pechman.

19 / / /

20 / / /

21 / / /

22

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -3

01   Pending a final determination by the Court, defendant has been detained.

02   DATED this 8th day of November, 2007.

03
04   *[signature]*
     Mary Alice Theiler
     United States Magistrate Judge
05

06

07  cc:  District Judge:          Honorable Marsha J. Pechman
         AUSA:                    Susan M. Roe
         Defendant's attorney:    Jay Stansell
08       Probation officer:       Michael K. Banks